## SAVAGE vs. RELYEA et al.

On motions made to a justice out of term, upon notice, under the 360th section of the code, the affidavits, &c., of the respective parties used on the motion, must be filed with the clerk of the county, where the venue is laid; or, in case the place of trial has been changed, in the county to which the other papers in the cause are transferred.

The order or decision made by the justice in such cases, must also be entered with the clerk of the same county where the papers are filed.

It is the duty of the respective attorneys to file the papers used by them on such motion, and of the prevailing party, to see that the rule is entered conformably to the decision.

Orders granted by a justice *ex parte* at chambers, under § 366, need not be entered with the clerk.

Such order may be disregarded unless the affidavit, or a copy thereof, is served with a copy of the order.

It *seems* there is no appeal to a general term from the decision of a judge, in granting or refusing an *ex parte* order.

*August* 8, 1848.—The motion in this cause was heard before WILLARD, Justice, out of court, in pursuance of notice under the 360th section of the code; and after disposing of the motion upon the merits, a question arose as to the entry of the decision and of the final disposition of the affidavits of the respective parties, read on the motion. On this branch of the case, the judge proceeded as follows:—

When a motion is made to a justice out of term, upon notice, as it may be under the 360th section of the code, in all cases, except for a new trial on the merits, as well the papers on which the motion is founded, as those used in opposition thereto, should be filed with the clerk of the county in which the venue is laid, or, in case the place of trial has been changed, in the county to which the other papers in the cause are transferred. The code (§ 300) evidently contemplates that the order, or decision made by the justice, should also be entered with the clerk—all the papers and orders in a cause, should be filed and entered in the same clerk's office, and if not so entered originally, should be transferred and filed, and the orders re-entered in the office of the clerk of the county, designated as the place of trial. The 236th section of the code cannot be carried out in any other way, and it is extremely analogous to the practice in chancery with respect to enrolling decrees. (See 186th rule of Chancellor Walworth, and 129th rule of Sup. Court in Equity, adopted in 1847.) As the code is silent with respect to whose duty it is to file the papers, and enter the orders on a decision of a justice out of court, in pursuance of the 360th section, it is presumed the rules of the court, in analogous cases, still remain in force. The 389th section of the code only abrogates such of the former rules and practice, as are inconsistent therewith. The former practice required the respective parties to file the affidavits and other papers used by them, on special motions, and the prevailing party to see that the rule was entered conformably to the decision. This practice is reasonable in itself, and is not in conflict with any provision in

the code, and I think it should still be pursued. It surely could not have been intended that the justice who hears and decides the cause, should retain among his private papers the original affidavits, &c., &c., used on the motion, or that he should be required to transmit them to the clerk's office. He may safely confide them, in ordinary cases, to the prevailing party, who in general has an interest in their being filed and preserved.

There are numerous orders made by a justice at chambers, in the progress of a cause, ex parte, which need not be entered with the clerk. Of this class, an order to enlarge the time to answer and the like, granted in pursuance of the 366th section of the code. By the same section it is required that the affidavit, or a copy thereof, be served, with a copy of the order, or that the order may be disregarded. There is no appeal to a general term from the decision of a judge, in granting or refusing an ex parte order (§ 300.) The remedy of the party aggrieved, in such cases, is under the 272d section. If the judge refuses to vacate or modify his order, on a motion founded upon notice to the adverse party, an appeal doubtless lies under the 300th section.