I think the plaintiff cannot maintain this action. He claims to be entitled to certain moneys once due from the defendants to his assignor, McCrossan. Sturgis and others, judgment creditors of McCrossan, have collected those moneys in right of McCrossan, and by virtue of proceedings which gave to them all the authority asagainst these defendants, which McCrossan himself would have had if he had called on the defendants and received the money. The defendants having no notice of any assignment to the plaintiff, a payment to McCrossan would have operated effectually to discharge them, and the plaintiff's remedy for the collection of what was due to him would have been an action or proceeding against McCrossan for so much money had and received. That this would have been the relative position of the plaintiff and the defendants, had the latter paid the money to McCrossan, is clear, beyond controversy or discussion.
If, then, the proposition above stated is correct, viz., that the supplementary proceedings and order of the judge in question in this action gave to the judgment creditors of McCrossan an authority to collect the money from the defendants, as available to the latter for their protection, as the authority, or rather the power, of McCrossan himself, then the defendants are protected by the payment.
To the suggestion that the plaintiff cannot be deprived of his property, without due process of law, it must be answered that the law protects the defendants in paying their debt to *Page 557 
their creditor, or to any one who comes clothed with such authority as the creditor can confer, notwithstanding such payment would operate to deprive the assignee of the responsibility of the original debtor.
The title of the assignee was but an equitable title, and if he would protect it he must use the means the laws require for its protection.
The grantee of land may lose his title if he do not record his deed, and the assignee of a chose in action (not negotiable) may lose his equitable right to proceed against the debtor if he gives no notice of the assignment.
The plaintiff has no reasonable nor equitable complaint to make, that notice of the proceedings was not given to him, when he had given no notice apprising the defendants that he had any interest.
It is suggested that notice might have been and ought to have been given to the judgment debtor, McCrossan. I think it ought always to be given (when notice can be served on him) before an order is made requiring the parties examined to pay over. But the statute makes it discretionary with the judge. His omission to do so does not change or affect the legal operation of the proceedings. And, as respects this plaintiff, it would not affect his position. McCrossan might not have regarded the notice.
The case stands (in reference to the argument that the section does not authorize the payment of the money to the judgment creditor because, having been assigned, it was not `due to the judgment debtor") just as it would, on the appointment of a receiver, and an action by him against the defendants, recovery and payment by them to the receiver. There is no room to doubt that such payment would be a full defense.
If before the Code, or now, a creditor's bill were filed and a receiver appointed, and such receiver had brought an action against the defendants and recovered the money, it cannot be questioned that payment on such a judgment would protect the defendants against the plaintiff, the assignee of whom they had never heard. And it is no less *Page 558 
clear that a payment by them to such receiver, without suit, would have the same effect, and yet, in either case, it might be said with the same propriety as in the present, that the plaintiff was deprived of his property without due process of law.
I am not able to perceive the force of the suggestion that an order under section 292 must be first obtained before the judge can obtain jurisdiction to make the order for the examination of a debtor of the judgment debtor and direct the payment of what he owes toward the judgment debt. The terms of section 294 authorize a proceeding thereunder whether the execution has been returned or only issued. It expressly leaves it in the discretion of the judge to cause notice to be given or to suffer the proceeding to be had without the presence of the party to the action.
At a time when proceedings could only be taken, under section 292 (then § 247, Laws of 1848, p. 543), after an execution had been returned, the subsequent section (§ 248) provided that after the issuing of an execution a person indebted might pay to the sheriff. And (§ 249) upon an affidavit that a person is indebted to the judgment debtor, the judge might require him to appear and be examined, and (§ 252) the judge might order the property due to the debtor to be applied on the judgment.
I concur fully in the observations made in Sherwood v. TheBuffalo and New York City R.R. Co. (12 How. 138, and cases cited), that to permit a proceeding under section 294 without any notice to the defendant, and so without giving him an opportunity to appear and assert his rights, opens the door to injustice and fraud. The judgment, as there suggested, may have been paid, or there may be other equitable, and even legal reasons why it should not be enforced by the plaintiff. These are considerations, however, which are addressed to the judge who has the discretion to exercise, or to the legislature which has conferred that discretion. It is, however, pertinent to say that notice to the judgment debtor would not have been of any service to the present plaintiff, and he had voluntarily neglected to give the notice *Page 559 
of assignment which would have enabled and made it the duty of the defendants to resist the order made upon them.
The order granting a new trial must be reversed and the judgment of the Special Term affirmed.