JOSEPH F. SINNOTT, as Surviving Partner of MOORE & SINNOTT, Judgment Creditor, Respondent, *v.* FIRST NATIONAL BANK of Hempstead, Third Party, Indebted to HENRY SAMMIS, Judgment Debtor, Appellant.

*Supplementary proceedings — order for the examination of a third party— the judgment debtor may require it to be filed, although it criminates the party obtaining it.*

In proceedings supplementary to execution, instituted by a judgment creditor to require a third party indebted to the judgment debtor to submit to an examination, the debtor has an interest by virtue of which he may compel the judgment creditor's attorney to file an order which he has procured for such examination, although, the judgment having been paid, the judgment creditor has obtained an order discontinuing the proceeding against the third person. The fact that the order or the affidavit on which it was granted may tend to criminate the person who obtained it is not a justification for his failure to file the papers.

APPEAL by Henry Sammis, the judgment debtor in the above-entitled action, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 20th day of October, 1898, denying his motion to compel the plaintiff and his attorneys to file an order which the plaintiff had procured for the examination in supplementary proceedings of the First National Bank of Hempstead, a third party, indebted to the said Henry Sammis.

*Pierre M. Brown,* for the appellant.

*Philo P. Safford* [ *William S. Beers* with him on the brief], for the respondent.

CULLEN, J.:

The plaintiff recovered a judgment against one Henry Sammis for a sum of money. He issued an execution to the sheriff of Queens county. Subsequently he instituted supplementary proceedings against the First National Bank of Hempstead, as a third party, indebted to the judgment debtor. Prior to the time of the commencement of these proceedings, the judgment debtor had paid the sheriff the amount due on the judgment, though of this fact the plaintiff's attorney was ignorant. On discovering that the judgment

was paid, he obtained an order discontinuing the proceeding. The judgment debtor moved that the plaintiff's attorney be directed to file the order for the examination obtained by him in the office of the clerk of the county of Queens. From an order denying such motion this appeal is taken.

While the constitutionality of the institution of supplementary proceedings against a third party, without notice to the judgment debtor, has been upheld (*Gibson* v. *Haggerty*, 37 N. Y. 555), still the interest of the judgment debtor in a proceeding which takes his property and his right to intervene therein is too plain to admit of doubt. In fact, in the very case cited, the doctrine is asserted that notice should always be given to the judgment debtor when practicable. The right of the judgment debtor to move in the proceedings is, therefore, clear. (*Matter of Gagnon*, 32 App. Div. 22.)

Supplementary proceedings are made special proceedings by the Code of Civil Procedure. (§ 2433.) By section 825 of the Code, it is provided that a return or other paper in a special proceeding must be filed, and an order thereon entered with the clerk of the county in which the special proceeding is taken, if taken before a county officer, or with the clerk of the county designated by a justice of the Supreme Court, if the proceedings are before such a justice. I do not know that the intention of the section is to render compulsory the filing of all papers in special proceedings, for there seems to be no provision of law equally general as to the filing of papers in an action. It may be that the section was intended only to provide a place where papers, the filing of which was requisite or proper, should be filed. Still, even assuming that the more restricted construction of the section is to be adopted, we are of opinion that the order for the examination of the third party should, on the application of the judgment debtor, have been filed. By section 824 of the Code, the summons and pleadings in an action must be filed. The affidavit and order for the examination of a third party operates as the commencement of the special proceeding, and bears to it a relation strictly similar to that borne by a summons and complaint to an ordinary action. The same rule should apply to both, and as one is in express terms required to be filed, the other should be so required also. It has been expressly held that where an examination has been had under such an order, the order

and examination must be filed with the county clerk. (*Fiske* v. *Twigg*, 5 Civ. Proc. Rep. 41; *Renner* v. *Meyer*, 22 Abb. N. C. 438.) In *Savage* v. *Relyea* (3 How. Pr. 276) it was held the duty of the respective attorneys to file the papers used by them on a motion, even when made before a justice out of court. By rule 2 of the General Rules of Practice it is directed that where no provision is made by the Code, papers in the Supreme Court shall be filed in the office of the clerk of the county specified in the complaint as the place of trial. Section 1304 of the Code of Civil Procedure authorizes the court, when an appeal is taken from an order made by a judge out of court, to compel the filing of the papers upon which the order is founded, and speaks of the failure so to do as an omission. While it is true that there are many papers in an action, and a certain class of orders, such as orders to show cause, that are usually not filed, still we think it is the right of any party to a litigation to have orders or affidavits which have been the subject of action against his person or property filed in the records of the court, so that if he has been aggrieved thereby he may take the proper remedy, and the proof of his grievance be preserved. The fact that the order or the affidavit on which it was granted may tend to criminate the party who obtained it, is not sufficient reason for his refusal to file the papers. (*Anonymous*, 5 Cow. 13.)

The order appealed from should be reversed and motion granted, with ten dollars costs and disbursements to appellant.

All concurred.

WILLARD BARTLETT, J.:

I concur; but I think that section 825 of the Code is mandatory to the effect that all papers in special proceedings shall be filed.

Order reversed, with ten dollars costs and disbursements, and motion granted.