### SINNOTT v. FIRST NAT. BANK OF HEMPSTEAD.

(Supreme Court, Appellate Division, Second Department. November 29, 1898.)

1. SUPPLEMENTARY PROCEEDINGS—RIGHTS OF JUDGMENT DEBTOR.

   Though a judgment debtor is not entitled to notice of supplementary proceedings against a third party indebted to him, he is entitled to move in such proceedings.

2. SAME.

   A judgment debtor is entitled to have an order for the examination of a third party in supplementary proceedings filed, though the statute may not expressly require it to be filed.

Appeal from special term.

To a judgment in favor of Joseph F. Sinnott, as surviving partner of Moore & Sinnott, against Henry Sammis, the plaintiff instituted supplementary proceedings against the First National Bank of Hempstead, as a party indebted to the judgment debtor. He obtained an order discontinuing the proceedings, and the judgment debtor moved to compel the plaintiff's attorney to file the same. Motion was denied, and the judgment debtor appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Pierre M. Brown, for appellant.

Philo P. Safford, for respondent.

CULLEN, J. The plaintiff recovered a judgment against one Henry Sammis for a sum of money. He issued an execution to the sheriff of Queens county. Subsequently he instituted supplementary proceedings against the First National Bank of Hempstead, as a third party, indebted to the judgment debtor. Prior to the time of the commencement of these proceedings, the judgment debtor had paid the sheriff the amount due on the judgment, though of this fact the plaintiff's attorney was ignorant. On discovering that the judgment was paid, he obtained an order discontinuing the proceedings. The judgment debtor moved that the plaintiff's attorney be directed to file the supplementary order obtained by him in the office of the clerk of the county of Queens. From an order denying such motion, this appeal is taken.

While the constitutionality of the institution of supplementary proceedings against a third party, without notice to the judgment debtor, has been upheld (Gibson v. Haggerty, 37 N. Y. 555), still the interest of the judgment debtor in a proceeding which takes his property, and his right to intervene therein, are too plain to admit of doubt. In fact, in the very case cited, the doctrine is asserted that notice should always be given to the judgment debtor when practicable. The right of the judgment debtor to move in the proceedings is therefore clear. In re Gagnon, 32 App. Div. 22, 52 N. Y. Supp. 309.

Supplementary proceedings are made special proceedings by Code Civ. Proc. § 2433. By section 825 of the Code, it is provided that a return or other paper in a special proceeding must be filed, and an order thereon entered with the clerk of the county in which

54 N.Y.S.—27

the special proceeding is taken, if taken before a county officer, or with the clerk of the county designated by a justice of the supreme court, if the proceedings are before such a justice. I do not know that the intention of the section is to render compulsory the filing of all papers in special proceedings, for there seems to be no provision of law equally general as to the filing of papers in an action. It may be that the section was intended only to provide a place where papers, the filing of which was requisite or proper, should be filed. Still, even assuming that the more restricted construction of the section is to be adopted, we are of opinion that the order for the examination of the third party should, on the application of the judgment debtor, have been filed. By section 824 of the Code, the summons and pleadings in an action must be filed. The affidavit and order for the examination of a third party operate as the commencement of the special proceeding, and bear to it a relation strictly similar to that borne by a summons and complaint to an ordinary action. The same rule should apply to both, and, as one is in express terms required to be filed, the other should be so required also. It has been expressly held that, where an examination has been had under such an order, the order and examination must be filed with the county clerk. Fiske v. Twigg, 5 Civ. Proc. R. 41; Renner v. Meyer (City Ct. N. Y.) 6 N. Y. Supp. 535. In Savage v. Relyea, 3 How. Prac. 276, it was held the duty of the respective attorneys to file the papers used by them on a motion, even when made before a justice out of court. By rule 2 of the General Rules of Practice it is directed that, where no provision is made by the Code, papers in the supreme court shall be filed in the office of the clerk of the county specified in the complaint as the place of trial. Section 1304 of the Code of Civil Procedure authorizes the court, when an appeal is taken from an order made by a judge out of court, to compel the filing of the papers upon which the order is founded, and speaks of the failure so to do as an omission. While it is true that there are many papers in an action, and a certain class of orders, such as orders to show cause, that are usually not filed, still we think it is the right of any party to a litigation to have orders or affidavits which have been the subject of action against his person or property filed in the records of the court, so that if he has been aggrieved thereby he may take the proper remedy, and the proof of his grievance be preserved. The fact that the order or the affidavit on which it was granted may tend to criminate the party who obtained it is not sufficient reason for his refusal to file the papers. Anonymous, 5 Cow. 13.

The order appealed from should be reversed, and motion granted, with $10 costs and disbursements to appellant. All concur.

WILLARD BARTLETT, J. I concur; but I think that section 825 of the Code is mandatory to the effect that all papers in special proceedings shall be filed.