LEON HORLICK, Appellant, v. HARRY HORLICK, Respondent.— In an action to recover damages for alienation of affections, order granting defendant's motion under rule 107, subdivision 7, of the Rules of Civil Practice, to dismiss the complaint because the cause of action had been released, modified by striking therefrom the provision directing a dismissal of the complaint, and by inserting in place thereof a provision directing that the question of fact as to the validity and applicability of the release shall be tried by a jury, whose findings shall be reported to the court for its action, pursuant to rule 108 of the Rules of Civil Practice, and as so modified affirmed, with ten dollars costs and disbursements to the appellant. Judgment dismissing complaint, entered on the foregoing order, reversed on the law and the facts, with costs to the plaintiff to abide the event of the trial. ( *Perloff* v. *Kelmenson*, 226 App. Div. 696; *Mohamed* v. *Unifruitco Steamship Co., Ltd.*, 223 id. 791.) The affidavits raise an issue of fact as to the applicability of the general release and the cause of action set out in the complaint, as well as the validity thereof in its relation to that cause of action. Appeal from order denying reargument dismissed, without costs. Young, Hagarty, Carswell and Tompkins, JJ., concur; Lazansky, P. J., not voting.

In the Matter of Supplementary Proceedings: AXINN & SONS LUMBER Co., INC., Judgment Creditor, Respondent, v. ZYGMUNT OSINSKI, Judgment Debtor, Appellant.— Order denying the motion by the judgment debtor to direct the judgment creditor or its attorney to file the examination had in supplementary proceedings reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Where an examination has been had of a judgment debtor pursuant to the provisions of the Civil Practice Act (§§ 773 or 773-a), the order and examination must be filed with the county clerk. (*Renner* v. *Meyer*, 22 Abb. N. C. 438; *Fiske* v. *Twigg*, 5 Civ. Pro. 41; *Matter of Falkenburg*, 19 Misc. 418; *Sinnott* v. *First National Bank*, 34 App. Div. 161.) The fact that the proceedings are instituted by the additional or-alternative remedy by subpœna (§ 773-a) does not change the rule laid down in the cases cited. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

In the Matter of the Application of the BOARD OF SUPERVISORS OF THE COUNTY OF ROCKLAND Relative to Acquiring Title to Certain Real Property in Said County for Highway Purposes for the Highway Known as Pearl River-Nanuet Highway 9006. BOARD OF SUPERVISORS OF THE COUNTY OF ROCKLAND and Another, Appellants; ROSE LEO, Respondent.— Order of the County Court of Rockland county denying the motion of the petitioner for an order vacating and setting aside a previous order made by that court amending and modifying a judgment of condemnation theretofore entered by including in said judgment the property of the respondent reversed on the law and the facts, without costs, and the matter remitted to the County Court to take such proof as to the alleged taking as the parties may offer; the determination of the appellant's application to be relieved of its stipulation and to set aside the order and amendment of judgment based thereon to be predicated upon the decision of the basic question as to whether or not there has been such a taking of respondent's property as is described in the stipulation. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.