In the Matter of Supplementary Proceedings: LINCOLN DISCOUNT CORPORATION, Judgment Creditor, *v.* EVERETT PARKER, Judgment Debtor.

City Court of New York, Kings County, April 19, 1937.

*Samuel Firestone,* for the judgment creditor.

*Barber, Matters, Gay & Vander Clute [Joseph Wynne* of counsel], for the judgment debtor.

RUSSELL, J. The debtor moves to vacate on the ground that the subpœna was filled out in the name of one who at such time was no longer a justice of this court.

The question arises, is such defect a remediable one under provisions of section 787 of the Civil Practice Act?

Reference to section 775 of the Civil Practice Act, wherein a correct form of such subpœna is contained, reveals that the last clause refers to " one of the justices of our said * * * court " and subdivision 2 of such section reads: " The subpœna *must* state the court in which the supplementary proceeding is instituted and the names of the judgment creditor and of the judgment debtor and *must* be subscribed in the name of the attorney for the judgment creditor, together with his office address. The subpœna shall be substantially in the following form." Then follows the form heretofore referred to. Section 787, as far as material, reads: " No * * * subpœna * * * shall be vacated or quashed nor shall any judgment debtor * * * be relieved from compliance therewith because of any informality or irregularity therein but the same may be amended so as to remedy such irregularity or informality as justice may require."

The test would appear to be, was this debtor misled or prejudiced in any manner as a result of the failure to substitute the name of a then qualified justice of this court?

The answer should be in the negative. I hold the defect an amendable one and overrule the objection to jurisdiction thus raised.

The purport of our present statutes relative to such proceedings is to minimize as far as may be objections of a technical nature. Liberality in procedure is the object. Even though the debtor's attorney in good faith believed this paper defective, he should have presented the debtor at court and the latter was in default in not appearing. The motion to punish for contempt is to be replaced upon the calendar for April 23, 1937, for hearing as to same, unless an appeal be taken and a stay issue in interim. Do not refer matter of contempt to me.