Heney A. Hudson, J.
The judgment debtor (respondent), pursuant to order to show cause, seeks to have an order of this court dated July 28, 1958, adjudging the judgment debtor in contempt, set aside as irregular upon the ground that the supporting papers upon which it was granted, were not filed in the office of the Clerk of Oneida County as required by rule 71 of the Rules of Civil Practice and upon the further ground that the order to show cause upon which the order of July 28, 1958 was granted did not clearly specify the place where the proceeding was to be returnable.
There was attached to the moving papers as Exhibit A, a copy of the original order directing the judgment debtor to appear and be examined in supplementary proceedings which order was dated May 22, 1957, and was signed by Honorable William E. McClusky, Justice of this court. Ho affidavit of service was included. There was submitted by the judgment creditor an affidavit of the judgment debtor filed in support of his application for a stay in bankruptcy court, which contained the statement that the notice to appear in supplementary proceedings was served upon him by mail. The judgment creditor’s attorney submitted his affidavit upon the application in which he states that the affidavit and order for the examination of the judgment debtor was served upon the judgment debtor personally May 25,1957 by Stanley J. Wood; that the judgment debtor defaulted in appearance on June 10, 1957; that an order to show cause directing the judgment debtor to show cause why he should not be punished for contempt for failing to appear for such examination, was personally served upon the judgment debtor on June *783 24, 1958, returnable on July 14, 1958 at Utica, New York. This order to show cause was issued by Honorable E. Howard Bingrose, a Justice of this court. This order to show cause directed the judgment debtor to show cause before one of the Justices of this court in Utica, New York, on the 14th day of July, 1958 at 10:30 a.m. and upon the return of such order the judgment debtor failed to appear and an order was granted by me, upon such default adjudging the judgment debtor to be in contempt for failing to appear for the examination in supplementary proceedings.
The moving papers submitted upon the motion failed to set forth facts from which the court could determine that the original order for an examination in supplementary proceedings and the order directing the judgment debtor to show cause why he should not be punished for contempt had been served upon the judgment debtor. The court thereupon requested proof of the service of these orders to be submitted by the attorney for the judgment creditor inasmuch as it felt that the matter, involving as it did, an order of this court adjudging the judgment debtor in contempt, the application should be determined upon its merits.
The attorney for the judgment creditor submitted photostatic copies of the affidavits of service in question. It appears from these affidavits that the original order for examination in supplementary proceedings and the order to show cause issued by Justice Bingrose, returnable before this court on July 14, 1958 at Utica, New York, had in fact been served personally upon the judgment debtor.
I will first take up the judgment debtor’s contention that the supporting papers upon which the contempt order was granted were not filed in the office of the County Clerk of Oneida County as required by rule 71 of the Buies of Civil Practice. Buie 71 provides that all the papers used or read on the motion on either side shall be filed with the Clerk when an order is entered and that otherwise the order may be set aside as irregular.
Undoubtedly the judgment creditor in this action should have filed all of the supporting papers involved in the proceeding to punish the judgment debtor for contempt at the time of entering the order. However, no authority has been submitted to me and I have been unable to find any which requires the court to set aside such an order as irregular. The rule does not, in my opinion, so state but rather indicates that the order may be set aside. It would seem, therefore, that under the proper circumstances the court should set aside the order as irregular if the supporting papers were not filed, but if the circumstances *784 did not require or necessitate such drastic action, the court could refuse to set aside or, in a proper case, direct that the papers be filed and upon the failure of the defaulting party to file such papers as directed, the order be set aside as irregular. In Sinnott v. First Nat. Bank (34 App. Div. 161) the court held that even though a judgment debtor had paid the judgment in full, and an order had been obtained discontinuing the proceedings, the judgment debtor was entitled, on motion, to an order directing the filing of the order for the examination.
In the present case, the papers have since been filed by the judgment creditor. I do not feel that the provisions of rule 71 require that the order in question should be set aside as irregular and the judgment debtor’s motion in this respect is denied.
I will next consider the judgment debtor’s motion to set aside the order upon the ground that the order to show cause signed by Justice Riwkose should be set aside because it did not clearly specify the place where the proceeding was to be returnable. The order clearly directed the judgment debtor to appear before one of the Justices of the Supreme Court at Utica, N. Y., on the 14th day of July, 1958 at 10:30 a.m. July 14, 1958, at 10:30 a.m. was the time fixed by the rules of this court for the hearing of orders to show cause, that being the date and time of the regular Motion Term of Supreme Court to be held in Oneida County. Had the judgment debtor inquired of any attorney or had he appeared at the courthouse where terms of the Supreme Court are held, he would have been able to ascertain where he was required by such order to appear. The exact situation was considered many years ago in the case of William v. Brown (5 Cow. 281). In that case the court stated that where a term of court is fixed by law, no place need be mentioned in a notice of motion which was to be heard at such term and if a wrong place be mentioned, it would be rejected as surplusage. Further than this, in the present case, a most unusual situation developed. The judgment creditor, after obtaining the order, adjudging the judgment debtor in contempt and directing his commitment in the event that he failed to purge himself of contempt, as permitted in such order, delivered the order to the Sheriff of Rensselaer County where the judgment debtor then was. The judgment creditor was then contacted by the judgment debtor in an effort to obtain time in which to pay the fine. The judgment creditor acceded but the judgment debtor failed to pay as he had agreed. The judgment creditor thereupon, for nearly two years, gave to the judgment debtor, opportunity after opportunity to avoid commitment by making payments. On one of these occasions the judgment debtor made some pay *785 ments. The court might have cause to criticize the attorney for the judgment creditor for failing to have its order executed and the judgment debtor committed for failing to obey the same, but certainly the judgment debtor cannot be heard to complain because the order was not carried out. The courts have recognized the reasonableness of permitting a judgment debtor to make payments on account of a fine and have held that by accepting payments in this manner the judgment creditor did not waive the commitment. (Russell Homes Corp. v. Lynch, 20 N. Y. S. 2d 787.)
While I do not feel that the failure to specify the specific place in the City of Utica where the order to show cause was to be heard is a sufficient defect to warrant the court in setting aside the order adjudging the judgment debtor in contempt, the action of the judgment debtor in this case would under no circumstances warrant the court in vacating the order some two years later. The judgment debtor took no action, upon learning that an order had been granted adjudging him in contempt, to have the same set aside for the irregularities now claimed. Instead he acquiesced therein and for a period of over two years sought and obtained extensions of time for the execution of such order after the same had been issued and reissued by this court to the Sheriff of the different counties to which the judgment debtor transferred his residence. He did nothing until the time when some two years later he filed a petition in bankruptcy and then and not until then instituted these proceedings to have the order vacated and set aside on the grounds of irregularity.
The judgment debtor’s motion to set aside the order because the order to show cause did not clearly specify the place where the proceeding was to be returnable is denied.
It further appears to this court that it had jurisdiction of the judgment debtor both at the time that the order for his examination in supplementary proceedings was returnable and at the time that the order to show cause for his punishment for contempt for failing to obey the order in supplementary proceedings was returnable. A judgment debtor has no right to ignore an order of the court, either to appear for examination in supplementary proceedings or to show cause why he should not be punished for contempt for failing to appear in supplementary proceedings, because of some defect in the moving papers even upon advice of counsel. As long as the court had jurisdiction of the judgment debtor, he is required to appear in answer to the order of the court. That is, in fact, the purpose of the order to show cause, namely, to give the judgment debtor an opportunity to explain the reason for his failure to appear. *786 If the court is in error, the judgment debtor’s rights are protected under his right of appeal. As long as the court has jurisdiction, the judgment debtor cannot ignore the court’s order and then at some subsequent time seek to set the same aside because of some technical defect. (Fleming v. Tourgee, 61 Hun 624, opinion in 16 N. Y. S. 2; Lincoln Discount Corp. v. Parker, 162 Misc. 946.) The motion is denied, with $10 costs.