Abraham J. Gellihoef, J.
Pursuant to a subpoena issued by the attorney for a judgment creditor of Congressman Adam Clayton Powell, one Odell Clark has appeared for examination as to his financial relations with Powell. The purpose of the examination is to aid in the discovery of assets of the judgment debtor. Clark’s attorney has objected to the presence at the examination of newsmen and others, claiming that he is only a “ third-party witness ” and that the proceeding is not one which is required to be open to the general public.
The only statute applicable to civil actions or proceedings is section 4 of the Judiciary Law, which provides that “ The sittings of every court within this state shall be public, and every citizen may freely attend the same ”, subject to the right of the court in certain specified types of cases to exclude persons not directly interested. The right conferred by this section, i.e., the right that sittings of the court be public, may be invoked only by the accused in a criminal prosecution or by either party in a civil case, but not by members of the general public, including the press (Matter of United Press Assns. v. Valente, 308 N. Y. 71, 80). The attorney for the judgment creditor herein seeks to invoke the right granted by section 4.
The question presented is whether said section applies to the present examination.
Under the new Civil Practice Law and Rules, an attorney for a judgment creditor may issue a subpoena, without obtaining a court order, for the attendance of the judgment debtor or any other person to testify in aid of the enforcement of the judgment (CPLR 5224; see, also, CPLR 2302). CPLR 5224 (subd. c) provides that the examination may be conducted 11 before any person authorized by subdivision (a) of rule 3113” and “ at a place *706 specified in rule 3110 CPLR 3113 (subd. [a], par. 1) authorizes the examination to be held, if within the State, before “ a person authorized by the laws of the state to administer oaths ” (e.g., a notary) and CPLR 3110, in the case of a resident of this State, requires the examination to take place within the county of the witness ’ residence, or in the county where he is regularly employed or has an office for the transaction of business. Only if the “ party to be examined is a public corporation ” is there a requirement that the examination shall be in court. CPLR 5224 (subd. [d]) provides for the examination and cross-examination of the witness, the transcription of the testimony if requested, and the noting of objections by the officer before whom the deposition is taken.
Thus the entire proceeding, from the issuance of the subpoena to the signing of the deposition, may be had outside of the courthouse and without any supervision by the court. The only references to the court contained in CPLR 5224 are a statement that the deposition shall proceed “ subject to the right of a person to apply for a protective order ” and a provision that “ Unless the court orders otherwise ”, a person other than the judgment debtor may produce a sworn transcript of original books of account in place of the original books. I
CPLR 5240, dealing with applications for a “ protective order ’ ’ authorizes the court to make an order ‘ ‘ denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure ’ ’.
It seems clear that, if the attorney for the judgment creditor had chosen to conduct the examination of the witness in a law office or in some other noncourt location, section 4 of the Judiciary Law would have no application, for the hearing would not be a “ sitting ” of a court. Of course, the statute would apply ¡ to any applications made to the court for protective orders or other relief.
Does the fact that the attorney for the judgment creditor in the present case elected to conduct the examination in the courthouse give him the right to insist that the examination be public, a right which he would not have had if he had selected another place for the examination? In this court’s opinion, it does not. The examination, even if physically held at the courthouse, is required by CPLR 5224 to be conducted in the same manner as if held elsewhere. No provision is made for the actual presence of the court or for any court rulings except upon applications made to the court for a protective order or for modification of a subpoena for the production of books of account.
As in the case of examinations conducted outside the courthouse, *707 applications made to the court must be open to the public by-virtue of section 4 of the Judiciary Law. The examination of the witness, however, is not required by statute to be open to the public, since it is not a ‘ ‘ sitting ’ ’ of the court even if it is conducted in the courthouse.
In the circumstances, the witness is entitled to a “ protective order ’ ’ directing that the examination be private. In Weinstein-Korn-Miller, N. Y. Civ. Prac., the statement is made (vol. 6, pp. 52-734) that “ Typically, CPLE 5240 will be used by a person who believes that he is being improperly subjected to a particular enforcement procedure or a person who feels that one of the parties is abusing an enforcement procedure that has been properly commenced.” On the same page it is stated that “ The purpose of CPLE 5240 is to prevent ‘ unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts. ’ ”
Since the judgment creditor has no right to insist that the examination itself be public, the application of the witness that it be conducted in private is granted.
Let the examination continue in the appropriate room usually set aside by the court for such examinations.