OPINION OF THE COURT
Joseph Gerace, J.
Plaintiff, holder of an unsatisfied judgment against defendant, seeks an order prohibiting defendant judgment debtor from carrying out his expressed intent to be present at post-judgment third-party examinations of witnesses plaintiff intends to schedule pursuant to CPLR 5223 and 5224.
The judgment creditor also seeks an order confirming Supreme Court orders granted eight years ago by the late Hon. Joseph J. Ricotta, Supreme Court Justice, denying defendant debtor the right to "intervene and participate” in such proceedings, or to represent, as attorney, a witness at the examination.
Those orders excepted proceedings under CPLR 5225 where the creditor pursues third parties or the debtor for the "Payment or delivery of property of judgment debtor”; that section specifically requires notice to the judgment debtor.
Notice to the judgment debtor is also required on motions for installment payment orders (CPLR 5226) and special proceedings in which the judgment creditor seeks payment of debts owed to the debtor by third parties through CPLR 5227.
In James v Powell (52 Misc 2d 1048 [Sup Ct, NY County 1966]), the court held that a Judge should not ordinarily reconsider, disturb or overrule an order in the same action of another court of coordinate jurisdiction.
However, addressing the question of the debtor’s right to be present at examinations of third-party witnesses requires another look at the right of a judgment debtor to intervene or participate in such examinations.
CPLR 5223 and 5224 provide for postjudgment disclosure, but, neither section authorizes or directs that notice be given to the judgment creditor except for his own examination.
Plaintiff says defendant is not entitled to notice, and, therefore, is not entitled to be present.
The debtor argues that the Constitution and the CPLR give him the right to intervene or participate, but all that he seeks now is the right to be "present” at examinations of third parties should he somehow learn of them, nothing more, nothing less.
*26 There is nothing in the CPLR, the history of transition from the Civil Practice Act to the CPLR, the current case law, David D. Siegel’s New York Practice, or Weinstein-KornMiller’s New York Civil Practice, that suggests the judgment debtor has a right to intervene, or participate, or merely be present during postjudgment discovery proceedings of third parties.
The former statute provided that the Judge might in his discretion require notice of the proceeding for the examination of a third party subsequent to the granting of the order for examination to be given to the judgment debtor in such manner as he deemed wise. That provision was omitted from the amended statute. (8 Carmody-Wait, Supplementary Proceedings § 40, at 149.)
Earlier cases held that a debtor had an interest in a supplementary proceeding against a third party, and so, had a right to intervene and move in the proceeding even if he had no right to notice. (See, Matter of Gagnon, 32 App Div 22; Sinnott v First Natl. Bank, 34 App Div 161.)
Those cases relied heavily on pre-Civil Practice Act and preCPLR practice codes and cases which are no longer applicable.
In a more recent case, James v Powell (51 Misc 2d 705 [Sup Ct, NY County 1966]), the court sustained the objection of a third-party witness to the presence of newsmen and others at an examination scheduled at the courthouse.
Noting that the judgment creditor’s attorney could have scheduled the examination in a law office or "some other non-court location” (James v Powell, 51 Misc 2d, at 706, supra), the court held that the examination of a witness by a judgment creditor as to the financial relations with the judgment debtor as to aid in discovery of the assets of the judgment debtor was not a " 'sitting’ of a court” (supra) within the statutory requirements that such sittings be public, even though the examination might be in a courthouse, and a protective order directing that the examination be private could be issued at the witness’ request. (Judiciary Law § 4; CPLR 2302, 3110, 3113 [a]; 5224 [d].)
The court in Powell (supra, at 707) stated, "[s]ince the judgment creditor has no right to insist that the examination itself be public, the application of the witness that it be conducted in private is granted.”
The rationale of Powell (supra) should be extended to bar a judgment debtor from attending an examination of a witness should the judgment creditor object.
*27 The proceeding is not a court proceeding; it does not affect the debtor’s assets; the debtor is not entitled to notice; the proceeding is separate from an examination of the debtor himself. Even under the old cases and the Civil Practice Act, supplementary proceedings against a judgment debtor and proceedings against a third party were considered separate, distinct and wholly independent of each other. (Gibson v Haggerty, 37 NY 555.)
Then, as now, a supplementary proceeding against a third party could be taken without any proceeding against the judgment debtor, or the two proceedings could be taken simultaneously. (Civil Practice Act § 774; Gibson v Haggerty, supra; see, Smith v Cutter, 64 App Div 412.)
Likewise, the examination of third parties, and efforts to obtain payment or delivery of property identified in the examination are separate, distinct and wholly independent proceedings.
The judgment debtor’s rights regarding assets in the hands of third parties are fully protected by the notices required by CPLR 5225, 5226, 5227 and 5239.
Plaintiff is concerned that if defendant is present, he will not only intimidate witnesses, but, will use information learned by plaintiff on discovery to alert other judgment creditors who may beat plaintiff to the property by levy of execution. At the argument on the motion, plaintiff claims this has already occurred on one occasion. Both are reasonable concerns.
CPLR 5240 provides that the court may issue a protective order. The purpose of CPLR 5240 is to prevent " 'unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts’ ”, incident to enforcement of judgment procedures. (Legislative Studies and Reports, McKinney’s Cons Laws of NY, Book 7B, CPLR 5240, at 454, quoting 3d Report to Legislature, Advisory Commn on Prac & Procedure.)
This court holds that a judgment creditor is entitled to a protective order to preclude the judgment debtor from intervening, participating in, attending or sending a representative to postjudgment proceedings to examine third-party witnesses for the purpose of locating assets of the debtor.
The motion of plaintiff to confirm the orders of Hon. Joseph J. Ricotta barring the debtor from participation and interven *28 tion is granted; its motion for an order denying defendant the right to be present at third-party examinations is also granted.
The Judge Ricotta orders are confirmed not only as the law of the case, but as law applicable to any judgment debtor.